UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HUSSEIN OSMAN ALI,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>CHEX SYSTEMS, INC.,<br><br>　　　　　Defendant. | No. 1:17-cv-00850-DAD-BAM<br><br><br>ORDER GRANTING MOTION FOR COSTS<br><br>(Doc. No. 4) |

  This action was removed from Fresno County Superior Court on June 23, 2017. (Doc. No. 1.) On June 30, 2017, defendant filed a motion to dismiss, as well as a motion for costs and to stay the matter pursuant to Rule 41(d) of the Federal Rules of Civil Procedure. (Doc. Nos. 3, 4.) Plaintiff then filed a notice of voluntary dismissal on July 10, 2017. (Doc. No. 5.) The Clerk of the Court was thereafter directed to close the action by minute order, but this court specifically retained jurisdiction to address defendant's motion for costs, to which it now turns. Plaintiff has filed no opposition to defendant's motion for cost. The motion came before the court on August 15, 2017, with attorney Scott Goldsmith appearing telephonically on behalf of defendant. Plaintiff did not appear at the hearing. For the reasons that follow, defendant's motion for costs pursuant to Rule 41(d) will be granted.

/////

/////

**BACKGROUND**

Plaintiff here is a well-known *pro se* litigant in this district, and has been plaintiff in nine lawsuits (not including the instant matter) either filed or removed here within the last two years.[1] The complaint in this matter essentially alleges defendant misreported certain accounts on plaintiff's credit report. (Doc. No. 1-1 at 5–10.) The allegations here mostly restate allegations made by plaintiff in a prior case, also removed to this court, *Ali v. Chex Sys., Inc.*, No. 1:17-cv-00475-DAD-EPG (E.D. Cal. Apr. 3, 2017) ("*Ali I*").

In *Ali I*, plaintiff alleged that Chex Systems—the defendant in both suits—had violated the Fair Credit Reporting Act ("FCRA") and committed various state law torts, including defamation, tortious interference with prospective economic advantage, and negligence, by misreporting information on his credit report. *Ali I*, Doc. No. 1-1 at 2–9. In *Ali I* plaintiff alleged that he discovered defendant was reporting negative information on his credit report in January 2017, and thereafter contacted defendant and provided it with an "Affidavit of Identity theft that occurred on 2012 [sic]." *Ali I*, Doc. No. 1-1 at 3. Defendant replied that what it was reporting was accurate and refused to change the credit report. *Id.* Additionally, in *Ali I* plaintiff included factual allegations that defendant had reported plaintiff "had committed bank fraud" and that he "had committed ACCOUNT ABUSE." *Id.* at 7–9. *Ali I* was voluntarily dismissed by plaintiff on May 2, 2017, approximately a month after its April 3, 2017 removal to this court by defendant.

The instant case ("*Ali II*") was filed by plaintiff in Fresno County Superior Court on May 15, 2017 (Doc. No. 1-1 at 5), less than two weeks after plaintiff's voluntary dismissal of *Ali I*. Just as in *Ali I*, the complaint in *Ali II* alleges plaintiff discovered defendant was reporting negative information on his credit report in January 2017, and thereafter contacted defendant and

---

[1] *See Ali v. Early Warning Servs., LLC*, No. 17-cv-00785-LJO-SKO (E.D. Cal. June 9, 2017); *Ali v. OneMain Fin. Servs., Inc.*, No. 17-cv-00666-AWI-SKO (E.D. Cal. May 12, 2017); *Ali v. Early Warning Servs., LLC*, No. 17-cv-00494-DAD-SAB (E.D. Cal. April 7, 2017); *Ali v. Synchrony Bank*, No. 17-cv-00488-DAD-SKO (E.D. Cal. April 5, 2017); *Ali v. Chex Systems, Inc.*, No. 1:17-cv-00475-DAD-EPG (E.D. Cal. April 3, 2017); *Ali v. Hudson Insurance Co., et al.*, No. 1:16-cv-01743-DAD-EPG (E.D. Cal. Nov. 17, 2016); *Ali v. Jawad, et al.*, No. 1:16-cv-00879 (E.D. Cal. June 22, 2016); *Ali v. Hudson Insurance Co., et al.*, No. 1:16-cv-00409-DAD-EPG (E.D. Cal. March 25, 2016); *Ali v. Starbucks Corp.*, No. 1:15-cv-01450-DAD-SKO (E.D. Cal. Sept. 24, 2015).

provided it with an "Affidavit of Identity theft that occurred on 2016 [sic]." (*Id.* at 6.) The complaint alleges plaintiff's credit report depicted that plaintiff "owes a Credit Union an amount in excess of $2500.00," which plaintiff claims is a result of identity theft, and again repeated that the report indicates he "had committed ACCOUNT ABUSE." (*Id.* at 6–7.) The complaint in *Ali II* does omit any reference to the FCRA, and instead asserts only the previously alleged state law tort claims, including defamation, tortious interference with economic advantage, and negligence, along with a new claim for violation of Business and Professions Code § 17200, *et seq*. (*Id.* at 6–9.) *Ali II* was removed to this federal court on June 23, 2017 and voluntarily dismissed by plaintiff on July 10, 2017. (Doc. Nos. 1, 5.)

## LEGAL STANDARD

Rule 41(d) of the Federal Rules of Civil Procedure states, "[i]f a plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant," the court may both (1) "order the plaintiff to pay all or part of the costs of that previous action," and (2) "stay the proceedings until the plaintiff has complied." The language "clearly indicates that it conveys 'broad discretion' on federal courts to order stays and payment of costs, and that neither is mandatory." *Esquivel v. Arau*, 913 F. Supp. 1382, 1386 (C.D. Cal. 1996) (quoting *United Transp. Union v. Maine Cent. R.R. Corp.*, 107 F.R.D. 391, 392 (D. Me. 1985)). The goal of Rule 41(d) is both "to serve as a deterrent to forum shopping and vexatious litigation," *Simeone v. First Bank Nat'l Ass'n*, 971 F.2d 103, 108 (8th Cir. 1992), as well as "to protect defendants from the harassment of repeated lawsuits by the same plaintiff on the same claims," *Jurin v. Google, Inc.*, 695 F. Supp. 2d 1117, 1123 (E.D. Cal. Mar. 1, 2010). "Costs may be imposed under Rule 41(d) where the plaintiff has brought a second identical, or nearly identical, claim and has requested identical, or nearly identical, relief." *Esquivel*, 913 F. Supp. at 1387. The moving party need not show subjective bad faith on behalf of the dismissing party to be awarded costs. *Id.* at 1388.

## ANALYSIS

While there are some differences between the allegations in *Ali I* and the current suit, both appear to allege essentially the same legal wrongs: that defendant has misreported certain

3

statements on plaintiff's credit history to his detriment.  Further, the relief sought is substantially the same, although plaintiff has added a request for injunctive relief in the current suit.  Moreover, plaintiff has presented no explanation as to why he voluntarily dismissed the first action only to refile two weeks later in state court.  Nor has plaintiff explained how he believes the suits differ from one another or, if the claims were distinguishable in some way, why those claims could not have been brought as one case and pursued simultaneously, thereby saving both the defendant and two different court systems valuable time and resources.  Finally, plaintiff has engaged in similar behaviors in other cases filed in this court, voluntarily dismissing them shortly after they are removed to federal court.  *See Ali v. Early Warning Servs., LLC*, No. 1:17-cv-00785-LJO-SKO (removed on June 9, 2017 and voluntarily dismissed on July 10, 2017); *Ali v. Early Warning Servs., LLC*, No. 17-cv-00494-DAD-SAB (removed on April 7, 2017 and voluntarily dismissed on May 2, 2017).  This pattern is indicative of plaintiff engaging in forum-shopping and suggests that his lawsuits are not being pursued for their merits, but rather to harass or vex the defendants.  *Simeone*, 971 F.2d at 108; *Jurin*, 695 F. Supp. 2d at 1123.  As such, the court finds in its discretion that the award of costs to defendant for the work of its lawyers related to the removal of *Ali I* is appropriate here.  *See Esquivel*, 913 F. Supp. at 1387; *see also* Fed. R. Civ. Proc. 41(d) (the court may "order the plaintiff to pay all or part of the costs of that previous action")

While the Ninth Circuit has not expressly decided the issue, courts within the circuit are split as to whether the award of costs under Rule 41(d) includes the award of attorneys' fees.  *Compare Reid v. I.C. Sys. Inc.*, 304 F.R.D. 253, 255–56 (D. Ariz. 2014) (analogizing to Rule 68, and allowing attorneys' fees only where the underlying statute permits the award of such fees) *with Aloha Airlines, Inc. v. Mesa Air Grp., Inc.*, No. 07-00007DAE-KSC, 2007 WL 2320672, at *2–3 (D. Haw. Aug. 10, 2007) (finding "an award of attorneys' fees to Defendants under Rule 41(d) in this case is consistent with the underlying purposes of the rule").  Moreover, the circuits are split in their approaches to this issue.  *See Andrews v. America's Living Ctrs., LLC*, 827 F.3d 306, 309–12 (4th Cir. 2016) (noting that the Eighth and Tenth Circuits allow the award of attorneys' fees as costs under Rule 41(d), the Sixth Circuit does not, and adopting the Seventh Circuit's approach of allowing attorneys' fees when only authorized by the underlying statute or

when the opposing party acted in bad faith). While there is a lack of clear authority on the issue, the trend within this circuit appears to be to allow the inclusion of attorneys' fees in such cost awards. *See Esquivel*, 913 F. Supp. at 1392 ("[D]efendants are entitled to both expenses and attorneys' fees that are reasonably incurred and that will not contribute toward defendants' defense in the present case."); *see also Platinum Logistics, Inc. v. Platinum Cargo Logistics, Inc.*, No. 3:15-CV-617-CAB-KSC, 2015 WL 11921401, at *5 (S.D. Cal. Sept. 15, 2015); *Simmonds v. Credit Suisse Secs. (USA) LLC*, No. C12-1937 JLR, 2013 WL 501884, at *2 (W.D. Wash. Feb. 7, 2013); *Cheryl Kelmar v. Bank of Am. Corp.*, No. CV 12-6826 PSG (SHx), 2012 WL 12973473, at *1 (C.D. Cal. Oct. 26, 2012); *Aloha Airlines, Inc.*, 2007 WL 2320672 at *4; *Nielson v. Union Bank of Cal., N.A.*, No. CV 02-06942 MMM (CWx), 2003 WL 27374136, at *5–6 (C.D. Cal. Mar. 31, 2003); *EOS GMBH Electro Optical Sys. v. DTM Corp.*, No. SA CV 00-1230 DOC (MLGx), 2002 WL 34536678, at *4–5 (C.D. Cal. Mar. 18, 2002). *But see Caldwell v. Wells Fargo Bank, N.A.*, No. 13-CV-01344-LHK, 2014 WL 789083, at *6–7 (N.D. Cal. Feb. 26, 2014) (disallowing attorneys' fees); *La Cuna de Aztlan Sites Prot. Circle Advisory Comm. v. U.S. Dep't of Interior*, No. CV 11-00400 DMG (DTBx), 2011 WL 13131114, at *2 (C.D. Cal. Nov. 14, 2011) (same); *Banga v. First USA, N.A.*, No. C 10-00975 SBA (LB), 2010 WL 6184482, at *5–6 (N.D. Cal. Dec. 8, 2010) (same). While a close question, this court is persuaded by the authorities cited above that the court's broad discretion under Rule 41(d) includes the awarding of attorneys' fees as part of the costs and advances the recognized goal of the Rule of preventing forum shopping and vexatious lawsuits. Certainly that is the case under the circumstances presented here. Therefore, attorneys' fees may be recovered as costs under Rule 41(d) in this action.

Under Rule 41(d), courts are not to award costs associated with past work that will still be useful to defendants in the present litigation. *Aloha Airlines, Inc.*, 2007 WL 2320672, at *4. Defendant here seeks only compensation for the amounts spent on *Ali I*, and seeks no costs or fees associated with the present case. The costs sought by defendant are therefore appropriate and awardable. The documentation attached to defendant's motion show that attorney Goldsmith spent 1.4 hours on removing *Ali I* to federal court, which was billed at the rate of $403.75, while

attorney Troutman spent 0.2 hours editing the documents related to removal of *Ali I*, billed at a rate of $552.50.  (Doc. No. 4-2.)  Typically, the reasonable rate of attorneys' fees to be awarded under a fee-shifting provision is based on the forum in which the district court sits.  *Shirrod v. Director, Office of Workers' Comp. Progs.*, 809 F.3d 1082, 1087–88 (9th Cir. 2015); *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 979 (9th Cir. 2008).  Other judges of this court have previously found that the reasonable hourly rate for attorneys in the Fresno community is $250 to $380, with the court awarding $250 to $300 per hour for attorneys with less than ten years of experience and higher rates for those attorneys with more experience.  *See BR North 223, LLC v. Glieberman*, No. 1:10-cv-02153 LJO-BAM, 2012 WL 2920856, at *2–3 (E.D. Cal. July 17, 2012); *see also J&J Sports Prods., Inc. v. Flores*, No. 1:10-cv-02087-AWI, 2013 WL 3729577, at *3–4 (E.D. Cal. July 12, 2013); *C.B. v. Sonora Sch. Dist.*, No. 1:09-cv-00285-OWW-SMS, 2011 WL 4590775, at *3–4 (E.D. Cal. Sept. 30, 2011).  Here, attorney Troutman has 13 years of litigation experience, and the court finds a reasonable hourly rate for his service in the local community to be $315 per hour.  Attorney Goldsmith has eight years of litigation experience, and the court finds a reasonable hourly rate for his services in the local community to be $285 per hour.  Thus, the total awardable attorneys' fees are $462.  Defendant has also established that it spent $424.79 in costs associated with the removal of *Ali I*, including the filing fee, and delivery and service charges, all of which are properly chargeable as costs to plaintiff here.  (Doc. No. 4-3 at 6.)  The total costs awardable to defendant, therefore, are $886.79.

## CONCLUSION

For the foregoing reasons, plaintiff is hereby ordered to pay $886.79 in costs related to the removal of *Ali I* to defendant.  Payment shall be made within thirty days of the date of service of this order.

IT IS SO ORDERED.

Dated:  **August 15, 2017**

UNITED STATES DISTRICT JUDGE

6